STEVENS et al. v. BIRD-JEX CO.

No. 5053. Decided January 24, 1933. (18 P. [2d] 292.)

*Skeen & Skeen,* of Salt Lake City, for appellants.

*Dan B. Shields,* of Salt Lake City, for respondent.

## EPHRAIM HANSON, J.

The plaintiffs, appellants herein, own certain premises with a right of way 17 feet in width made appurtenant thereto by grant. The "right of way" is over and across a strip of ground of the same width adjoining the premises of the plaintiffs, the fee title to which is held by the defendant, who uses such strip solely as a driveway for ingress and egress to and from other property owned by it. The plaintiffs seek to limit and restrict the defendant in its use of such driveway. They contend that by a conveyance to their predecessors in interest the grantor therein created an exclusive easement for the use and benefit of the premises now owned by plaintiffs and one other parcel now owned by defendant, that the grantor therein retained nothing but the naked fee, and that therefore the way may not be used in connection with any property other than the two parcels to which it was thus made appurtenant.

The action was tried in the district court, and judgment was rendered decreeing the defendant to be the owner of such strip of land and entitled to the unrestricted and unlimited use and possession thereof "except only in so far as the plaintiffs are entitled to a right of way thereover for

ingress and egress to and from their property," describing such property.

The premises owned by the parties hereto are situated in lots 6 and 7, block 72, plat A, Salt Lake City survey. For many years the east half of said lot 6 and all of lot 7 were owned, held, and used by one Roberts, and, after his death, by his heirs, as one property. That property had a frontage of 247½ feet on the south side of First South street between Second and Third East streets in Salt Lake City, and a depth of 20 rods. In 1905 and 1906 the Roberts heirs disposed of the entire frontage running back a distance of 8 rods, with the exception of the 17-foot strip covered by the right of way involved herein. In June of 1905 they conveyed to a Baptist Church the eastern 75 feet of frontage with a depth of 8 rods, and on August 15, 1906, they conveyed to one Culbertson two parcels of the same depth, one commencing at the northwest corner of their holdings and running east 115½ feet, and the other commencing 17 feet east of the first and running 40 feet east, "together with a perpetual right of way for use and benefit of above described tracts of land" over the 17-foot strip between the two parcels. At that time said 17-foot strip was used by the grantors solely as a means of ingress and egress to and from a livery stable and garage which they had operated upon the rear of their property since 1902, and which they continued to operate for some years thereafter. The building formerly used as a stable and garage by defendant's grantors—predecessors in interest—is still on the premises and is occupied by the defendant in the conduct of its present business. After making these two conveyances, the Roberts heirs retained only the 17-foot strip fronting on the street, subject to the right of way granted in the Culbertson deed and which they were then using as a driveway, and the tract in the rear 12 rods in depth by 247½ feet in width, to which tract, if the contention of plaintiffs be correct, all means of access had been cut off by the conveyance to Culbertson. The following plat of said lots 6 and 7 shows the right of

way involved herein and the holdings of the respective parties following the execution of the Culbertson deed:

Of the property lying west of the right of way and so conveyed to Culbertson, the plaintiff Stevens now owns the eastern 45 feet in width and the plaintiff Cottrell the west 70.5 feet in width. They have established a joint right of way 10 feet in width along the line separating their respective properties and across the rear of the Stevens' property to the 17-foot right of way in question.

In 1916 the Roberts heirs conveyed to the Utah Bill Posting Company, a Wyoming corporation, their holdings consisting of the tract in the rear 12 rods by 247½ feet, "together with all right, title and interest in and to the following right of way, to wit," describing the 17-foot strip. Six years later the Utah Bill Posting Company acquired the 40-

foot parcel lying east of the right of way, together with the right of way as described in the Culbertson deed, and three years after that the 75-foot frontage which in 1905 had been conveyed to a Baptist Church was conveyed to Bird-Jex Co. There is no direct evidence of the transfer of title from the Utah Bill Posting Company to Bird-Jex Company, but Mr. Robert Leo Bird testified without objection that he is the Mr. Bird of Bird-Jex Company, and, as the conveyances were introduced in evidence, that "we" purchased the properties thereby conveyed, and that his company owns the parcels so conveyed to the Utah Bill Posting Company. The respective parties and the trial court as well have apparently assumed the Utah Bill Posting Company and the Bird-Jex Company to be one and the same corporation, and we therefore assume the same.

Plaintiffs each have an apartment house upon their respective holdings. Plaintiff Cottrell was not present at the trial and seems to have taken little if any interest in the matter. The apartment house of the plaintiff Stevens is 40 feet in width and thus occupies the entire frontage of her tract with the exception of the 5 feet devoted to the joint right of way between her building and that of plaintiff Cottrell. She acquired her property in 1925 when the building was just being finished. Defendant was then conducting its present business upon its property in the rear and using the driveway in question as a means of ingress and egress. There is testimony that since that time the traffic over the driveway has increased tenfold, and that an actual count made shortly before the commencement of this action showed the number of cars using the driveway to range from 20 to 60 per hour; the witness estimating the traffic during the day to amount to 250 cars. He further testified that in summer the traffic begins about 6 o'clock in the morning and that there are but few cars using the driveway after 5 o'clock in the evening. There is no claim that the plaintiffs or their tenants have been hindered or obstructed in the use of the right of way, but it is claimed

by the plaintiff Stevens that by reason of fumes, dust, and noise arising from the traffic to and from defendant's property in the rear, the lower apartments in her building are rendered less rentable and some of her tenants have moved out on account of such annoyance. If the use of such driveway by the defendant were limited to the use and benefit of the 40-foot parcel lying to the east thereof, the traffic and resulting annoyance would, of course, be greatly reduced. There is no evidence that any of the cars have been operated over the driveway in an improper manner, or that any fumes, noise, or dust is produced beyond what reasonably and necessarily results from such traffic.

In support of their claim that by the deed of August 15, 1906, to Culbertson, an exclusive easement was created, plaintiffs cite *Kirkham* v. *Sharp*, 1 Whart. (Pa.) 323, 29 Am. Dec. 59; *Greene* v. *Canny*, 137 Mass. 64; *Abney* v. *Twombly*, 39 R. I. 304, 97 A. 806; *Thompson* v. *Germania L. Ins. Co.*, 97 Minn. 89, 106 N. W. 102. We have carefully examined each of the cited cases and, in our opinion, none of them support the plaintiffs' claim, but they do illustrate the rule that "in construing instruments creating easements in land, the court will look to the circumstances attending the transaction, the situation of the parties, the state of the thing granted, and the object to be attained, to ascertain and give effect to the intention of the parties." Ordinarily the grant of an easement over land does not prevent the owner of the fee from so using it as not to unreasonably interfere with the special use for which the easement was granted. There is nothing in the language of the deed to plaintiffs' grantor to indicate an intention that the grantee was to have the exclusive use of the property over which the easement was gratned. The words "together with a perpetual right of way *for use and benefit of above described tracts of land*" designate the property to which the way was made appurtenant and limit the grantee's use of such way to the granted premises, but import no limitation upon the right of the grantor to make any use of

the property not inconsistent with the special use for which the easement was granted. At the time of the transaction we see there was an existing driveway lying between the two granted parcels, passing to the larger tract in the rear, which was then and for some years past had been used as the means of access to the larger tract in the rear still retained by the grantors, and which driveway then became the only means of access thereto. When Mr. Culbertson purchased the two parcels on the street with a mere right of way over the then existing driveway, it must have been contemplated by both parties to the transaction that the grantors would continue to make use of the larger tract in the rear still retained by them, and that they did not intend or expect to exclude themselves from the only remaining means of access thereto. We find nothing in the language of the deed, the situation of the parties or the condition of the property to indicate an intention that the grantee in such deed should have the exclusive right to the use of the then existing driveway, but the contrary is plainly manifest.

The general rule governing the respective rights of the owners of the dominant and the servient estates is stated in 19 C. J. 977, § 877, as follows:

"The owner of the servient estate may use his property in any manner and for any purpose consistent with the enjoyment of the easement, and the owner of the dominant estate cannot interfere with this use."

He may himself use the way, or permit others to do so, subject to the limitation that his use or the use of his permittee must not be such as to impair the enjoyment of the easement by the owner of the dominant estate, or subject him to extra expense in keeping it in repair, and it is not necessary that he expressly reserve any such right. *Galletly* v. *Bockius,* 1 Cal. App. 724, 82 P. 1109; *Morgan* v. *Boyes,* 65 Me. 124; *Campbell* v. *Kuhlmann,* 39 Mo. App. 628; *Appeal of Greenmount Cemetery Co.* (Pa.) 4 A. 528,, 1 Sad. 371; *Hayward* v. *Mason,* 54 Wash. 649, 104 P. 139; *Max-*

*well* v. *McAtee,* 9 B. Mon. (Ky.) 20, 48 Am. Dec. 409; *Bina* v. *Bina,* 213 Iowa 432, 239 N. W. 68, 69, 78 A. L. R. 1216.

We therefore have no difficulty in reaching the conclusion that the right of way created by the grant under which the plaintiffs claim was not an exclusive easement in favor of the adjoining properties to which it was made appurtenant. Plaintiffs' contention in this respect must therefore fail.

If the grater use of the driveway be made by the defendant, the defendant must bear its proportion of the expense of maintenance. *Bina* v. *Bina,* supra. But no such question is before us.

Plaintiffs further urge that even should we hold the easement not an exclusive one yet that "the rights of the servient owners of the way are subordinate to those of the owner of the dominant estate, and that therefore an excessive and unreasonable use by such servient owner constitutes an obstruction which justifies equitable relief," and cites *Herman* v. *Roberts,* 119 N. Y. 37, 23 N. E. 442, 7 L. R. A. 226, 16 Am. St. Rep. 800; *Abney* v. *Twombly,* supra; *Greene* v. *Canny,* supra. Inasmuch as it affirmatively appears from the evidence that the plaintiffs have not in any manner been hindered or obstructed in the enjoyment of the easement, we need not here determine whether the rights of the servient owner would be subordinate to those of the dominant owner, when, as in the instant case, the easement is created over an existing driveway in use by the grantor, and upon which, therefore, the grantor has impressed an open, apparent, and visible servitude in favor of other property owned by him. The annoyance which plaintiff Stevens suffers from fumes, dust, and noise in no manner affects her use and enjoyment of the easement, and except as it may be augmented by the use which plaintiffs themselves make of such easement, would be the same even though the plaintiffs had no easement at all over the driveway. We cannot say from the record before us that the use by defendant of this driveway in con-

nection with its business located upon the property in the rear is unreasonable.

Finding no error, the judgment is affirmed with costs to respondent.

STRAUP, C. J., and ELIAS HANSEN, FOLLAND, and MOFFAT, JJ., concur.