[Civ. No. 3838.   Fourth Dist.   Oct. 27, 1950.]

ANNA E. JONES, Appellant, v. DALE W. WILTERDING et al., Respondents.

Jerome L. Richardson for Appellant.

Best, Best & Krieger for Respondents.

BARNARD, P. J.—This is an action for an injunction, and for a declaration as to the rights of the parties under a certain contract.

In 1887, one Miller deeded the southerly 25 feet of two vacant lots in Elsinore to one Crawford, retaining the northerly portion of the property.  At the same time the parties executed and recorded an agreement, which was also made binding on their successors and assigns.  After providing that Crawford should erect a two-story brick building within a year, and that its northerly wall should constitute a party wall, this agreement provided as follows:

"Until such time as a building shall be erected upon the land adjoining said party wall, it is agreed that the said George Crawford shall have the right to erect and maintain a stairway to the second story of said building against the outer edge of said party wall and over the land of the said J. P. Miller.

"And if a one story building should be erected against said party wall, the said George Crawford shall yet have the right to maintain his said stairway using due diligence therein that no unnecessary injury is thereby inflicted upon said building.

"Upon the erection of a building two or more stories in height against the Northly side of said party wall a hallway shall be constructed therein against said wall for the maintenance of a stairway, . . . to the front and rear . . . said stairways shall be constructed and maintained mutually (for the benefit of both buildings).''

A two-story brick building was constructed by Crawford in 1887 and, after various conveyances, that property is now owned by the plaintiff. At some time prior to 1895 a one-story frame building was built on the Miller property, which is now owned by the defendants. The outside stairway mentioned in the agreement was never built. In December, 1947, the frame building on defendants' property was condemned and torn down, and the defendants commenced the building of a new one-story building. The plaintiff, claiming an easement under the 1887 agreement, then brought this action to enjoin the defendants from erecting that building, or any building not providing for such a stairway. In the alternative, the court was asked to declare the rights of the parties and to adjudge that the plaintiff has the right to construct such a stairway.

After a trial the court found in favor of the defendants finding, among other things, that a two-story brick building was erected on plaintiff's property in 1887; that a one-story building was erected on defendants' property not later than 1895, with the knowledge of plaintiff's predecessors; and that no stairway was erected over the defendants' property prior to the erection of the latter building. As a conclusion of law, it was found that the erection of a one-story building on defendants' property, before any stairway was built, terminated the rights of the plaintiff ''as far as her right to build'' such a stairway is concerned. Judgment was entered accordingly and the plaintiff has appealed.

The appellant's main contention is that the court erroneously construed the 1887 agreement. It is argued that this agreement created a continuing right to build an outside stairway, which still exists; that being based upon a grant this easement could not be lost by nonuse; that the contract is entire and nonseverable; that having used the party wall for many years, the respondents are subject to the stairway provision; that the right to build this stairway was not limited as to time; and that the only reasonable interpretation of the contract is that the parties intended this right to continue, regardless of what use might be made of respondents' property.

The controlling element here is the intention of the parties to the 1887 agreement, and its language must govern if such intention is clearly disclosed thereby (Civ. Code, § 1638.) If the language used is ambiguous the court may look to the circumstances existing at the time of the execution of the instrument, and to the practical construction placed upon it by the parties. (28 C.J.S., p. 685.) The trial court's interpretation of the meaning of an instrument cannot be disturbed on appeal when it appears to be reasonable and consistent with the intention of the parties. (*Hayward Lmbr. etc. Co.* v. *American Nat. Bk.*, 50 Cal.App.2d 247 [123 P.2d 56]; *Scoville* v. *DeBretteville*, 50 Cal.App.2d 622 [123 P.2d 616].) This is especially true where no evidence indicating a contrary intention appears in the record.

From the language used it would seem that the purpose of the 1887 agreement was to provide for the erection and use of a party wall between these parcels, for the ultimate use of a common hallway and double inside stairway whenever a similar building is built on the other property, and for an optional right to an outside stairway in the meantime, under specified circumstances. In the latter regard, it is first provided that "until such time as a building shall be erected," on the adjoining land, a right to erect and maintain an outside stairway shall exist. The words "a building" clearly refer to any building, and not merely to a two-story building as ultimately contemplated. The right to erect an outside stairway was thus expressly limited, by the words creating that right, to the time before any building at all was built. It is then provided that if a one-story building is built, the other party shall still have the right to "maintain his said stairway," but that in doing this he must not unnecessarily injure the building. This language implies that he shall have the right to continue

to maintain any existing stairway, in the event a one-story building is thereafter built. That provision omitted the word "erect" and covered only the right to "maintain his said stairway." This could only be the one authorized by the first provision, which had to be installed before any building was erected. Moreover, even in maintaining this stairway he was to take care not to injure the building. The use of this express language may not be overlooked. It may not be assumed that the omission of the word "erect" in the second provision was unintentional. It would be unreasonable to suppose that it was intended, while providing that the maintaining of the stairway must not injure the building, to permit the other party, at any time in the future he might see fit, to tear down a considerable portion of the building already built, in order to then install such a stairway. The language used rather clearly discloses that the intention of the parties was in accordance with the interpretation placed on the agreement by the trial court. This interpretation being reasonable, and giving effect to the entire agreement without the necessity of either adding to or subtracting therefrom, cannot be disturbed.

There was no evidence of any contrary intent upon the part of any of the original parties to the agreement. The only evidence of intent, outside of the instrument itself, is as to the conduct of the parties and their successors over a period of nearly 60 years, and this evidence, if material, also supports the trial court's conclusions. No such stairway was built during the period of several years before a one-story building was erected on the adjoining property, and no right to do so was thereafter asserted for a period of some 50 years.

Not only was the right to build such a stairway made terminable by the provision creating it, but the provision was distinct and severable from the other portions of the contract. The fact that the respondents have used, and may still use, the party wall is not controlling. The judgment in no way affects the other portion of the contract which may apply in the event a building of two or more stories should be built on the respondents' land. The findings, conclusions and judgment are supported by the evidence.

The judgment is affirmed.

Griffin, J., concurred.