NORTH UNION CANAL COMPANY, a Utah Corporation, Plaintiff and Appellant,

v.

Daniel E. NEWELL and Ruth I. Newell, Defendants and Respondents.

No. 14238.

Supreme Court of Utah.

May 11, 1976.

Heber Grant Ivins, American Fork, for plaintiff and appellant.

Gerald M. Conder, of Arnovitz, Smith & Nielson, Salt Lake City, for defendants and respondents.

CROCKETT, Justice:

Plaintiff, North Union Canal Company, brought this suit to compel defendants Newell to remove a fence which they had placed along the bank of plaintiff's canal

which flows through the defendants' property. From a judgment in defendants' favor plaintiff appeals, contending that the fence will interfere with its long established easement for the use and maintenance of its canal.

The North Union Canal was constructed and has been in continuous operation during the irrigation seasons for more than 75 years. It is a substantial canal several feet in width which carries water from the Provo River at the diversion near the mouth of Provo Canyon, northwesterly to irrigate lands of its farmer stockholders in the Orem, Lindon, and Pleasant Grove area; and incidentally passes through defendants' property in Orem. Since its beginning plaintiff has had an easement to use, maintain, clean and repair its canal, including access to do so along its banks. This was formerly done with horse teams and scrapers and in later years by mechanized equipment. In 1950 it was lined with cement to prevent seepage; and maintenance and repair is thus minimized. But that necessity, though less frequent, still exists.

The defendants' residence is on the east side of the canal. The source of trouble here is that they have recently installed a five-foot high chain link fence along its west bank. Plaintiff's grievance is that this effectively prevents it from the use and enjoyment of its easement along the 200-foot width of defendants' property. Defendants rejoin that the plaintiff is not unreasonably restricted therein because: there are gates at the north and south ends of defendants' property to permit access to their land; and the plaintiff has access to get its equipment into the canal but short distances above and below defendants' property.

Plaintiff justifiably relies on the law that it has the right to access to repair and maintain its canal as reasonably necessary [1] in accordance with its use since time immemorial; and further, that it is not obliged to resort to access on the lands of others to do so. It argues, with reason, that if all the owners through whose property its canal passes should take the position essayed by the defendant, it could be excluded from access the entire length of the canal.

■ The dispute between these parties provokes these observations: Whenever there is ownership of property subject to an easement there is a dichotomy of interests, both of which must be respected and kept in balance. On the one hand, it is to be realized that the owner of the fee title, because of his general ownership, should have the use and enjoyment of his property to the highest degree possible, not inconsistent with the easement.[2] On the other, the owner of the easement should likewise have the right to use and enjoy his easement to the fullest extent possible not inconsistent with the rights of the fee owner.[3]

■ The argument of defendants, and the premise of the decree entered herein, that the fence does not unreasonably interfere with the plaintiff's rights, does not take into account these immutable propositions: First, that the plaintiff has an established easement, however minor or infrequent the necessity to do repair or maintenance work on the canal may be; second, the evidence is uncontroverted and apparently uncontrovertible, that when the canal does need such attention, it would be necessary to have access to it through the defendants' property, in which event the fence as presently constructed would interfere with the plaintiff's use and enjoyment of its easement. From this, the logical conclusion would seem to be that the fence should be removed. But such a stringent

1. *Holm v. Davis*, 41 Utah 200, 125 P. 403 (1912).

2. *Stevens v. Bird-Jex Co.*, 81 Utah 355, 18 P.2d 292 (1933); 2 Thompson, Real Property, Easements, Section 426 (1961).

3. See *Big Cottonwood Tanner Ditch Co. v. Moyle*, 109 Utah 213, 174 P.2d 148, 172 A.L.R. 175 (1946).

measure impels reflection in the light of the principles we have discussed above, which require that in case of conflict such as we have here, the object to be desired is to find some accommodation of those conflicting interests, to the maximum advantage and to the minimum disadvantage, of both parties.

If the remedy applied should require the defendants to remove the fence entirely, or move it back sufficient distance to allow equipment to traverse along the canal bank, this would obviously involve the loss of certain practical values by leaving a substantial strip of land unfenced and either difficult to care for, or perhaps uncared for, a bad result for all concerned. It is our opinion that a better solution, consistent with the principles we have discussed here, would be for the court to exercise its equitable powers and provide a more just and practical solution.[4] This concededly will require some maturity of attitude and cooperation between the parties. This is to permit the fence to remain. This would avoid the baneful effects mentioned above and would have compensating practical values, including the safeguarding of children and others from getting into the canal; and also esthetic values in improving the appearance of the property and the manner in which the easement area is kept. It would be necessary to direct the defendants to maintain the present gates at the north and south boundaries of their properties; and also to install gates at reasonable intervals in the fence along the canal bank to allow the plaintiff's access thereto as its needs may arise; and if locks are desirable, each party should be furnished keys. The trial court could take evidence and determine the details as to the type of gates, and the number needed. Our thought is that perhaps two or three gates of suitable

widths and placement in the 200 feet would be sufficient.

■ The defendants place some reliance on the case of *Nielson v. Sandberg*,[5] to the effect that the prescriptive right is limited by the nature and extent of use during the prescriptive period. From this they argue that inasmuch as it is not shown that the plaintiff used the east bank during what they term the prescriptive period (since 1950 when the canal was lined) it cannot assert a right to use it now. They are mistaken about the prescriptive period. It began more than 75 years ago and had ripened into a right long before 1950. The canal has always been used for irrigation. Nothing has occurred to interfere with the right to enter for maintenance and repair when occasion arises until the defendants erected the fence. Plaintiff timely brought this action. The *Nielson* case just referred to is of no assistance to the defendants because the continuance of the easement as it has heretofore existed places no greater burden upon the defendants property than previously existed under the easement.

■ Finally: In regard to the plaintiff's assertion that the defendants must obtain its permission before they can erect a fence: we find no support in the law for such a contention. As has been said above, defendants may use their property in any manner they please so long as they do not unreasonably restrict or interfere with the proper use of the plaintiff's easement. In this instance, that includes the erection and maintenance of a fence without the plaintiff's permission so long as access to repair and maintain the canal is provided.[6] In accordance with what we have said, this case is remanded to the district court for the purpose of giving the defendants their choice: either re-

---

4. As to the power of the court to retain jurisdiction to see that a decree is carried out, see 1 Pomeroy, Equity Jurisprudence, Secs. 181, 237; and see statement in *Big Cottonwood Tanner Ditch Co. v. Moyle*, 109 Utah 197, 159 P.2d 596 (1946).

5. 105 Utah 93, 103, 141 P.2d 696, 701 (1943).

6. *Stevens v. Bird-Jex Co.*, supra, note 2.

move the fence, or accept and abide by a decree modified as suggested herein. Costs to plaintiff (appellant).

HENRIOD, Chief Justice (concurring in the result):

I concur with the principles and result of the main opinion, but believe the remand should be a simple interdiction that the servient estate owner be required to furnish to the dominant estate owner reasonable access for maintenance of the canal at all reasonable times necessary to its maintenance, without our detailing what and how the judgment should read. The above generalization should suffice, but if there is to be any specificity as to how it should be supplemented, it should be accomplished by taking evidence, for which purpose we do not have the facilities.

TUCKETT, Justice (dissenting):

The record is without dispute that the plaintiff was the owner of an easement running along its canal to permit the plaintiff to clean and to make necessary repairs to the canal. The plaintiff having acquired an easement, it makes no difference whether the acquisition of the easement was by grant or user, the plaintiff is entitled to have the easement protected from interference by the defendants or others. The powers of the court should not be used to protect the defendants' interference with an established property right. If the interference is maintained for the requisite period of time, the effect will be to create the new right in the defendants and extinguish the plaintiff's right of way.

I would remand with directions to the court below to determine the essential width of the easement to permit the plaintiff to carry on its maintenance and repair work and to identify property in the decree so as to avoid future disputes.

MAUGHAN, J., concurs in the views expressed in the dissenting opinion of TUCKETT, J.