Lloyd L. **LABRUM and AB & W Invest-
ment Company dba King Ranch Part-
nership, Plaintiffs and Respondents,**

v.

**R.J. RICKENBACH and Donna V.
Rickenbach, Defendants and
Appellants.**

No. 18891.

Supreme Court of Utah.

Jan. 31, 1985.

Rehearing Denied Sept. 3, 1985.

Ken Chamberlain, Richfield, for defend-
ants and appellants.

Michael R. Labrum, Richfield, for plain-
tiffs and respondents.

HALL, Chief Justice.

Defendants R.J. Rickenbach and Donna
V. Rickenbach appeal a decision of the trial
court interpreting an express reservation in
defendants' deed running in favor of plain-
tiffs. Defendants also ask this Court to
rule that as a matter of law no public
highway exists across defendants' land.

Defendants are the owners of several
sections of land in Sevier County that they
purchased from V. Emery King and Maria
L. King in 1959. The defendants pur-
chased the property subject to an express
reservation in the deed, which reads as
follows:

> [S]ubject to ditch rights-of-way and res-
> ervoir rights-of-way now in existence and
> located on the land covered by this mort-
> gage which rights-of-way consist of trib-

utaries and ditches into Booby Hole Reservoir, the reservoir site itself and ditches leading from said reservoir to the King Brothers Incorporated farm land as well as rights-of-way for egress and ingress for the purpose of maintaining, repairing and cleaning said ditches and reservoir.

Plaintiff King Ranch Partnership, consisting of three partners and plaintiff Labrum, is the owner of land adjacent to defendants' for which the above servitude is reserved. Plaintiffs bought their land in 1973, also from the Kings. The sales contract for plaintiffs' land describes the easement in terms identical to the reservation above. Plaintiffs' holdings include three forty-acre parcels (section 4, 28, and 33), one of which contains a significant percentage of the private irrigation reservoir referred to in the above reservation. The others contain irrigation canals and ditches. These sections are for all practical purposes surrounded by defendants' land, but at least one section can be reached by other roads. A road passes through defendants' property to the reservoir and ditches on plaintiffs' three parcels.

Soon after plaintiffs acquired their property and the reservoir, plaintiffs approached defendants and asked defendants if it would be all right to lock the gate to the road with both defendants and plaintiffs having keys. Defendants agreed, and the gate was locked as suggested. At about the same time as the gate locking took place, plaintiffs began stocking the reservoir with fish and selling licenses to individuals to fish in the reservoir. The licenses sold for $150 apiece and allowed the holder to bring as many guests to fish as he wished. Following the stocking, traffic increased markedly on the road across defendants' land, and Mr. Rickenbach began having trouble with people firing guns on his property and annoying his cattle, spooking them and making it difficult for him to move them from one range to another.

Finally, in 1976, after a series of incidents, defendants placed their own lock on the gate and refused to allow anyone to pass. As a result, plaintiffs filed the action that resulted in this appeal.

At trial, several causes of action were dismissed that are not pertinent to this appeal. Of the two remaining causes of action, the interpretation of the express easement was deemed to be a matter of law and reserved to the trial judge. The second remaining cause of action, whether the road across defendants' land to plaintiffs' sections 4, 28, and 33 was a public highway, was submitted to the jury. The jury found that the road to section 28 was not a public highway.[1] However, the jury could not reach a verdict concerning the road to sections 4 and 33. The trial court entered judgment that the road to section 28 was not a public highway but declared a hung jury as to the road to sections 4 and 33. Defendants thereupon made a motion that the trial judge be allowed to rule on the status of the road to sections 4 and 33, which motion was not opposed by plaintiffs.

As to the interpretation of the express easement, the trial judge concluded:

To limit the Plaintiffs by the wording of the reservation, "for egress and ingress for the purpose of maintaining, repairing and cleaning ditches and a reservoir located on Defendants' property", to just using roads for those purposes brings about ludicrous results.

Second, the trial court found that "the Court has equitable powers to define the extent of the easements and rights of the parties in an effort to find an accommodation of conflicting interests to the maximum advantage and to the minimum disadvantage of both parties." Therefore, the trial judge ordered:

[T]hat the Plaintiffs have a private right-of-way for ingress and egress over the roads in question. They may use same for all purposes except commercial activities in developing their lands or waters. Plaintiffs are given the right to use the

---

1. Plaintiffs have not appealed this jury verdict.

reservoir and its banks for human travel for a reasonable distance of twenty-five (25) feet back from the shore line.

On appeal, defendants ask this Court to overturn the judge's ruling enlarging the easement beyond its express terms. In addition, defendants ask the Court to affirm that as a matter of law no public highway was ever established.

■ This Court has many times considered and interpreted easements based on deeds, and the law in this state is plain: A right of way founded on a deed or grant is limited to the uses and extent fixed by the instrument.[2] Where the language of the grant leaves no doubt as to its meaning, there is no discretion in the trial court to expand the terms of the easement. In this case, the defendants' deed contains a reservation and the plaintiffs' deed an easement phrased in identical language: "[S]ubject to ... rights-of-way for egress and ingress for the purpose of maintaining, repairing and cleaning said ditches and reservoir."

The language of the reservation and easement is clear and is open to only one interpretation: Plaintiffs have an easement across defendants' land only for the purpose of maintaining, repairing and cleaning the irrigation ditches and reservoir located on defendants' land.

■ The positions of the parties' properties in relation to the reservoir and ditches support the clear language of the easement and the obvious intent of the grantor in conveying the properties.[3] Defendants do not utilize water from the irrigation system for their lands. This irrigation water is used exclusively for irrigating plaintiffs' farmlands downstream from the reservoir. It is obvious that in conveying to plaintiffs three isolated parcels surrounded by defendants' property but containing the reservoir and irrigation system, the grantor intended only to provide the support to plaintiffs for the irrigation system. The order of the trial judge impermissibly expanding the terms of the easement is therefore reversed.

■ Defendants also ask this Court to rule that, as a matter of law, no public highway, as defined by U.C.A., 1953, § 27–12–89, was ever created. Plaintiffs argue that that issue was never before the trial judge. However, defendants made a motion to allow the trial judge to rule on the public highway issue as to those sections. There is no evidence in the record that plaintiffs opposed that motion, and it is obvious from the trial judge's findings, judgment and order that the judge did rule on the public highway issue.

The trial court's order of July 23, 1982, states:

> The Jury having been unable to reach a Verdict in regards to if there was a public roadway over Defendants lands to Section 33, and Section 4, and the parties having submitted the matter to the Court for Decision ... the Court ... Orders that the plaintiffs have a private right-of-way for ingress and egress over the roads in question.

The trial court's judgment of November 24, 1982, states: "Plaintiffs have and are entitled to the use of the private right-of-way for ingress and egress over the existing roads to their property located in Sections 33 ... and Section 4...."

■ There is no evidence in the record that plaintiffs ever objected to the language of the order and judgment or attempted to have them amended. Further, plaintiffs have not cross-appealed that portion of the order and judgment. In fact, plaintiffs asked this Court, *supra*, to affirm the subsection of the judgment and order expanding the easement. Therefore, plaintiffs cannot now be heard to complain that the issue was not before the trial judge or that he did not rule on it. The judgment of the trial court that no public roadway existed in sections 4 and 33 is therefore affirmed.

---

**2.** *Wykoff v. Barton,* Utah, 646 P.2d 756, 758 (1982).

**3.** *See Wood v. Ashby,* 122 Utah 580, 584, 253 P.2d 351, 353 (1952).

The case is remanded to the trial court for entry of judgment in accordance with this opinion.

STEWART, HOWE, DURHAM and ZIMMERMAN, JJ., concur.