Johnny TRUJILLO, a minor, by and through his guardian ad litem, Plaintiff and Appellant,

v.

Val JENKINS, Nicea Jenkins, Gary J. Xanthos, Leanna Coombs, and Brighton–North Point Irrigation Co., Defendants and Appellees.

No. 910027.

Supreme Court of Utah.

Oct. 20, 1992.

T. Patrick Casey, Roy G. Haslam, Salt Lake City, for the Trujillos.

P. Keith Nelson, Salt Lake City, for the Jenkinses.

Richard A. Rappaport, Jeffrey L. Silvestrini, Salt Lake City, for Xanthos and Coombs.

DURHAM, Justice:

This action was filed on behalf of a minor child, Johnny Trujillo, who nearly drowned at the approximate age of sixteen months when he fell headfirst into an irrigation ditch filled with water. The ditch belonged to Brighton–North Point Irrigation Co., but was located on property owned by Val Jenkins, Nicea Jenkins, Gary Xanthos, and Leanna Coombs (collectively "the Jenkinses"). The property was and is residential real property containing a number of rental units. Trujillo's parents rented an apartment from the Jenkinses. Trujillo, through his guardian, brought an action against the Jenkinses and Brighton–North Point Irrigation Co.

In a previous appeal, we ruled that the irrigation company could not be held liable. *Trujillo v. Brighton–North Point Irrigation Co.*, 746 P.2d 780 (Utah 1987) ("*Trujillo I*"). In so ruling, we declined to depart from precedent shielding ditch and canal owners from the responsibility of fencing. We reasoned that imposing the cost of covering and fencing hundreds of miles of exposed ditches and canals on the relatively few ditch [1] owners would be extremely burdensome:

> Why should that burden be arbitrarily imposed on the relatively few owners of the ditches and canals? They have not brought the water to the children. Rather, it is the developers and owners of the adjacent lands who have brought the children to the water. If equitable considerations are taken into account, then the costs of protective measures should be imposed on those most responsible for the problem and on those best able to spread the costs throughout society—the developers and owners of the adjacent lands.

*Id.* at 782. Thus, we specifically left open the question of whether developers and owners would be sheltered from liability if they failed to take precautionary measures regarding the hazards of exposed ditches running across their land.

On remand, the district court considered the landlord's duty and ruled that the Jenkinses owed no duty to Trujillo regarding hazards posed by the irrigation ditch flowing across their property. Trujillo appeals the trial court's grant of summary judgment dismissing his claim. We reverse.

■ Whether a landowner owes a duty of care to another is a question of law. *Weber v. Springville City*, 725 P.2d 1360, 1363 (Utah 1986). Therefore, we give no

---

1. The word "ditch" will be used to encompass both ditches and canals.

deference to the trial court's ruling but review it for correctness. *Id.*

Defendants contend that they owed no duty to Trujillo because (1) they did not own or control the irrigation ditch and (2) they would be subject to criminal liability under Utah Code Ann. § 73–1–15 and civil liability under *North Union Canal Co. v. Newell,* 550 P.2d 178 (Utah 1976), if they constructed a fence along the ditch. We disagree on both points.

■ This court established long ago that a landlord has a duty to provide reasonably safe premises and common areas for tenants and their guests. *Williams v. Melby,* 699 P.2d 723, 726 (Utah 1985) (landlord has duty to "exercise reasonable care toward tenants in all circumstances"); *Stephenson v. Warner,* 581 P.2d 567, 568 (Utah 1978) (same); *Schofield v. Kinzell,* 29 Utah 2d 427, 511 P.2d 149, 151 (1973). Defendants argue that this duty extends only to the leased premises. We need not decide whether a landlord's duty is so limited, because the hazards in this case were located *on* the leased premises. The ditch in question ran directly through defendants' property and was bounded on both sides by defendants' land.[2] The facts in this case fall directly within the well-accepted rule that a landlord must take reasonable steps to protect tenants and their guests from hazards located on leased premises. Defendants' argument that they owed no duty because they did not own or control the ditch has no merit.

■ Defendants further contend that they have no duty because Utah Code Ann. § 73–1–15 prohibits them from fencing the ditch. We disagree. Section 73–1–15 does not prohibit them from fencing. That section provides:

> Whenever any person, partnership, company or corporation has a right of way of any established type or title for any canal or other watercourse it shall be unlawful for any person, persons, or governmental agencies to *place or maintain in place any obstruction, or change of the water flow by fence or otherwise, along or across or in such canal or watercourse,* except as where said watercourse inflicts damage to private property, without first receiving written permission for the change and providing gates sufficient for the passage of the owner or owners of such canal or watercourse.... Any person, partnership, company or corporation violating the provisions of this section is guilty of a misdemeanor and is subject to damages and costs.

(Emphasis added.) Section 73–1–15 prohibits changing the water flow or placing an *obstruction* along a ditch. Fencing a ditch would not necessarily violate either prohibition. First, placing a fence along a ditch would not change the ditch's water flow. Second, fencing a ditch would not necessarily "obstruct" the ditch. To obstruct means "to block or close up by an obstacle ... *to hinder from passage, action, or operation."* *Webster's New Collegiate Dictionary* 793 (1973) (emphasis added). A fence would only violate this section if it prevented the ditch owner from gaining access to the ditch. If a landowner installed gates in the fence or built the fence sufficiently distant from the ditch to allow the ditch owner to clean and maintain it, such a fence would not be an "obstruction" and therefore would not be prohibited under section 73–1–15.

In light of our long-standing case law protecting ditch owners from liability for the absence of fences, we cannot presume that the legislature intended to prevent those who may be liable from erecting fences that do not interfere with the access or function. Section 73–1–15 does not prohibit land owners from building fences that allow ditch owners access to their ditches.

■ Additionally, assuming that it was impossible in this case to build a fence without obstructing the ditch and defendants were therefore required to obtain the irrigation company's permission to build a

---

2. It appears that the irrigation company owned some sort of unrecorded easement over defendants' property. There is nothing in the record indicating that the irrigation company owned the ditch in fee.

fence near the ditch, the record does not establish as a matter of law that defendants could only have fulfilled their duty of care by violating section 73–1–15. Because of the serious danger open ditches pose, we construe section 73–1–15 to require landowners to make a reasonably diligent effort to obtain permission to fence. The record does not demonstrate that defendants made a serious attempt to obtain permission to fence from the irrigation company. Although defendants did call the irrigation company to inquire about fencing, they spoke only with a secretary who told them that they could not fence. The record does not suggest that defendants explained that there could be small children in the area, nor does it suggest that defendants persisted in seeking permission from someone with higher authority than a secretary. Given the significant danger of an open ditch where children play, we cannot say as a matter of law that defendants made a reasonably diligent effort to obtain permission from the irrigation company.[3]

 Finally, defendants argue that erecting a fence near the ditch would subject them to civil liability under *North Union Canal Co. v. Newell,* 550 P.2d 178 (Utah 1976). We disagree. In *North Union,* a canal company sued to compel landowners to remove a fence they had erected along the border of North Union's canal. In assessing the case, the court weighed the competing interests of landowners and easement holders. We noted that North Union needed access to clean, maintain, and repair its canal, but at the same time, we recognized that the owners of the property should have the use and enjoyment of their property to the highest degree possible. *Id.* at 179. The court accommodated both sides by ordering that the landowners "may use their property in any manner they please so long as they do not unreasonably restrict or interfere with the proper use of the [canal owner's] easement." *Id.* at 180. To ensure the canal company access to the easement, the court ordered

that the landowners place gates along the fence to allow the canal company to repair and maintain the canal. *Id.* Under *North Union,* then, a fence that allows the ditch owner access is acceptable. And, as discussed above, such a fence would not violate section 73–1–15.

In summary, according to long-recognized principles of property law, landlords owe their tenants and guests a duty to protect them from hazards on the leased premises. *Schofield v. Kinzell,* 29 Utah 2d 427, 511 P.2d 149, 151 (1973). The ditch in question is located on defendants' premises; hence, there is a clear duty. Defendants' contentions that they will be subject to civil and criminal liability for erecting a fence are without merit. They may build a fence that allows access to the ditch without incurring liability. We reverse the order of the trial court and remand for proceedings consistent with this opinion.

HALL, C.J., HOWE, A.C.J., and STEWART and ZIMMERMAN, JJ., concur.

---

**3.** This is an appeal from a summary judgment. On remand, it will be a question of fact whether, under all the circumstances, defendants acted reasonably in failing to build a fence along the ditch or otherwise make the premises reasonably safe for the tenants and their guests.