Johnson, J.
delivered the opinion of the Court.
We concur with the presiding Judge, that this cause of action was cognizable before a Magistrate, the sum demanded being within his jurisdiction. But we are also of opinion, that in cases where justice cannot be done on an appeal, by an affirmance, or reversal of the Magistrate’s judgment, the Court may, and ought to order the case back for a new trial with instructions. And by way of illustration, I would put the case where judgment was awarded upon inadmissible evidence ; or where proper evidence had been excluded. In those cases, justice could be done in no other way; and such has been the uniform practice of the Court according to my own experience. It is upon the same principle that this Court is authorized to reverse the decisions of the Circuit Court, and to send back cases for a new trial, with our corrections as to matters of law.
The remaining question, whether the defendant is bound to contribute, and in what ratio, to the plaintiff, for the money paid by him on account of their joint suretyship for James M. Harris, is the most important presented in this case. Regarding them merely as joint sureties to the same bond, there could be no doubt about the rule. All are bound to contribute equally, and the whole difficulty arises out of the circumstance that under the provisions of the act of 1820, additional bonds, with additional sureties, were given, conditioned for the same object, Harris’ discharge of the duties of the office of sheriff; and the doubt is, whether these parties, the sureties to the first bond, are *400 amongst themselves bound to contribute in the ratio of the num0f SLli-eties to that bond, or in the ratio of all the sureties to all the bonds.
The received opinion now is, that the liability to contribute ... , . . „ . T amongst co-sureties, is the result of a general equity, founded on the equality of burthen and benefit, and not on contract; or as the Lord Chief Baron Eyre expresses it, in Dering v. Earl of Winchelsea. 1 Cox, 321, “ in cquali jure.” The law requires equality; one shall uot bear the burthen in ease of the rest, and the law is founded in great equity. Chancellor Kent has adopted the same principle in Campbell v. Mesier, 4 John. Ch. Rep. 338.
From the hypothesis alone, it would seem to follow, that where - several are joined for the same common end and purpose, the burthen ought to be borne equally, although they may have become bound at different times, and by different contracts ; and the case of Dering v. Earl of Winchelsea, above referred to, reported also in 2 Bos. & Pul. 270, and which bears a strong resemblance to the present case in many particulars, puts the matter beyond doubt. Thomas Dering was appointed collector of the customs, and to intitle him to assume the duties of his office, he was obliged to give bond to the crown, with three sureties for the faithful discharge of the duties of his office. The plaintiff, and defendant, and Sir John Rous, severally joined with the said Thomas Dering in three several bonds, each in the penalty of £4000, for his faithful discharge of the duties of the office; and upon a question as to the liability of the defendant to contribute to an amount paid by the plaintiff, on account of the defalcation of their principal, it was held clearly, that he was liable although he was bound by a different bond. “ What difference,” asks the Chief Baron, “ will it make if they are severally bound, and by different instruments, but for the same principal, and the same engagement? In all these cases the sureties have a common interest, and a common burthen ; they are joined by the common end and purpose of their several obligations, as much as if they were joined in the same instrument.” 1 Cox 322. And Maddock in his treatise on Chancery, refers to Cook’s case, 2 Freem. 97, where the principle was applied to the case of a supplemental surety. 1 Mad. 233. Upon the same principle it was held in Peter v. Rich, 1 Ch. Rep. 35, that two out of three *401 sureties were compelled to contribute in moieties, the third having become insolvent.
What is this case ? The sureties to all the bonds executed by Harris for the faithful performance of the duties of the office, were bound for the same common end, to wit, to-protect the community against his defalcations; and according to the principle, they are bound to contribute in the ratio of their aggregate number. If any of them should prove insolvent, the contiibution must be in the ratio of the number of those that are solvent. In the absence of proof of the insolvency of any, the magistrate was correct in giving judgment only for one eleventh, there being eleven sureties to all the bonds. His judgment is therefore affirmed, and the motions of both parties are dismissed.