CHRIS. BROCKSCHMIDT, Appellee, *vs.* THE SANITARY DISTRICT OF CHICAGO, Appellant.

*Opinion filed October 28, 1913—Rehearing denied Dec. 5, 1913.*

1. SANITARY DISTRICTS—*the Sanitary District of Chicago must be regarded as a permanent, completed improvement.* When the channel of the Sanitary District of Chicago was completed and the water turned in after the approval of the commissioners and under the authority of the Governor, the improvement became a permanent and completed one, and it was not contemplated by the Sanitary District act that the Illinois river should be so deepened and widened and cleared of obstructions that it would carry off the increased volume of water from the drainage channel without overflowing the adjacent lands.

2. SAME—*Sanitary District act did not contemplate removal of dams built by Federal government.* It was not contemplated by the Sanitary District act that the Sanitary District of Chicago should remove from the Illinois river the dams constructed therein by the Federal government before the improvement constructed by the district should be regarded as completed and permanent.

3. The other questions raised in this case are controlled by the decision in *Vette* v. *Sanitary District,* (*ante,* p. 432.)

APPEAL from the Superior Court of Cook county; the Hon. HUGO PAM, Judge, presiding.

FRANK J. QUINN, and OSCAR H. OLSEN, (EDMUND D. ADCOCK, ROSS C. HALL, and WALTER H. BEEBE, of counsel,) for appellant.

WARREN PEASE, and CHARLES P. MOLTHROP, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an action brought by appellee, as plaintiff, in the superior court of Cook county, against appellant, as defendant, to recover damages alleged to have resulted to plaintiff from overflowing his land.

The declaration and pleas in this case are precisely the same as in *Vette* v. *Sanitary District,* (*ante,* p. 432.) The decision in that case is conclusive upon all questions of pleading in this case, and the judgment in this case must be reversed for the reasons stated in the opinion in that case.

An additional point made in this case by plaintiff is, that the improvement is not to be regarded as permanent because defendant has not done what the legislature contemplated that it should do in completing its drainway from the city of Chicago to the Mississippi river, and that the use of the connecting channel without making provision for taking care of the additional water brought into the Illinois river, so as to prevent injury to adjacent lands, authorizes bringing successive actions for injury to the rental value of the land. It is argued that because power is conferred by the statute upon defendant to extend its channels or outlets beyond the boundaries of the district, and for that purpose it was given authority to acquire, by purchase or condemnation, the necessary land or right of way outside its limits, and in constructing its channel to carry water from Lake Michigan into the Illinois river through the Desplaines river it was given authority to modify and remove obstructions in those rivers where necessary to prevent overflow or damage, it was the duty of defendant, under the law, to deepen or widen, or both deepen and widen, the rivers into which the channel emptied, if necessary to prevent the waters of the Illinois river overflowing and damaging adjacent lands. The facts with reference to the construction of the district channel as stipulated are, that the defendant has, by excavating a canal twenty-six

miles long, connected the Chicago river with the Desplaines river at Lockport, Illinois, and has made certain permanent changes in the Desplaines river above Joliet but none below that city, by means of which the flowage of the Chicago river has been in part reversed, and water has been continuously flowing from Lake Michigan and the Chicago river through said channel into the Desplaines river since January 17, 1900, thence into the Illinois river and through it into the Mississippi river.

It is not contended by plaintiff in argument, and no proof was offered to show, that the twenty-six miles of channel was negligently constructed or that the increase in the overflow on plaintiff's lands was in anywise attributable to the failure of defendant to remove any obstructions or to remove the dams at Henry and Copperas creek. The damage complained of is due to the fact that the channel of the Illinois river, unobstructed by any object defendant had the right or duty to remove, is insufficient to carry the additional waters coming into it through defendant's channel without increasing the overflow and causing the water to stand longer on the land than it did before the channel was constructed and opened. Unless plaintiff is correct in the contention that defendant's improvement was not complete until it had so increased the capacity of the Illinois river that the additional waters turned in through its channel would not affect or raise the water level in the river, the improvement or structure must be regarded as permanent and the damages resulting therefrom as a permanent injury or decrease in the fair cash market value of the land, recoverable in one action. We are of opinion it would be an unwarranted construction of the Sanitary District act to hold that it was made the duty of defendant to so increase the capacity of the Illinois river that the waters turned into it by means of the district channel would have no effect upon the rise or overflow of the water in said river. Courts will take judicial notice that the Illinois river is a navigable

stream, and we cannot presume that the legislature intended to assume and exercise the power of delegating to a sanitary district authority to increase the capacity of a navigable stream by widening or deepening its channel, or both, and removing or interfering with a dam or dams built and maintained by the Federal government. The proof shows one such dam is near the plaintiff's land. In our opinion it was not contemplated or intended by the legislature that defendant should do more to the Desplaines and Illinois rivers than remove the dams mentioned, which were the property of the State, and any obstruction (not including a dam built and maintained by the Federal government) which hindered or retarded the natural flow of the water. When it had constructed the connecting channel according to law and the same had been approved by the commissioners appointed under section 27 and the Governor had authorized the water to be turned into it, the district had complied with the requirements of the statute and was authorized to continuously maintain the channel and the flow of water. We do not think it was intended to be understood from what was said *arguendo* in *People* v. *Nelson,* 133 Ill. 565, that the Sanitary District act required the defendant to improve the capacity of the Illinois river so that the additional waters turned into it should not affect the water level of the river or overflows.

The judgment is reversed and the cause remanded to the superior court, with directions to overrule the demurrer to the plea of the Statute of Limitations, and for such further proceedings as may be deemed necessary, not inconsistent with the views expressed in this opinion.

*Reversed and remanded, with directions.*