WENCEL BINA, Appellant, v. MATHIAS BINA et al., Appellees.

No. 41074.

NOVEMBER 24, 1931.

Frank Sayre and E. P. Shea, for appellant.

Goheen, Goheen and Neuzil, for appellees.

KINDIG, J.—This controversy involves a quarrel over a private right of way. The plaintiff-appellant, Wencel Bina, and the defendant appellee, Mathias Bina, are brothers. Frances Bina, a defendant-appellee, is the wife of the appellee, Mathias Bina. Ernest and Victor Bina, defendants and appellees, are the sons of Mathias and Frances Bina.

On and for a long time before March 22, 1905, the land involved, consisting of approximately 230 acres, was owned by Mary Bina and Mathias Bina, Sr. These owners were the father and mother, respectively, of the appellant Wencel Bina and the appellee Mathias Bina. A sale of seventy acres of the aforesaid land on the date named was made by the father and mother to the appellee, Mathias Bina. In addition to the seventy acres of land thus sold, the father and mother also bargained to give the appellee Mathias Bina a right of way over the other 160 acres of the first-named land. Accordingly, a deed of conveyance was made transferring the 70 acres of land and right of way from the father and mother to the appellee Mathias Bina. Likewise, on the same date, for a consideration of $2,200, the father and mother sold to the appellant the remaining 160 acres of the first described land, subject to said right of way. To complete the transaction, the parents gave the appellant a deed to the 160 acres, subject to the right of way.

One of the farms is located on a public road running between Calmar and Spillville; while the other has no access to that public thoroughfare. Appellant's 160 acre tract abuts upon the aforesaid public road, but appellee's 70 acre farm has no access to such highway except over the former's land. Consequently, when conveying this real estate to their sons, the parents were careful to provide a right of way over appellant's land for the appellee in order that the latter could reach the public highway from his premises. This was the road used by the parents before the conveyance and thereafter utilized by the appellant for his own convenience. It seems that appellant's house and farm buildings are a considerable distance from the highway, and the private road running from the farm belonging to the

appellee, Mathias Bina, proceeds near the buildings named. There is much irregularity in the land along the private right of way. Some of it is level, but much is hilly and rocky. That private highway had existed for many years before the deeds above named were executed by the parents who formerly occupied the house on appellant's farm above described. On each side of part of this private way extending between appellant's house and the public highway, there is a fence forming sort of a lane, but the rest of the private way is unfenced over appellant's fields. Said fence extends for a distance of approximately 300 feet. Some years ago a bridge or culvert was built on this private road, with the common consent of both appellant and the appellee Mathias Bina. Thus the bridge or culvert now is a part of the right of way.

For many years, the appellant and the appellee Mathias Bina were compatible and used the private right of way in harmony. More recently, however, there has been discord and strife. Appellees have tried to repair the private road, and appellant now complains of their so doing. At times the gates were not closed by appellees, as required by the above named deed to the appellee, Mathias Bina. In many ways the appellant obstructed appellees' use of the private way. Upon one occasion, one of the appellees was using the private road near a culvert, and appellant, approaching in the opposite direction with a team and wagon, stopped and unhitched the team. Therefore said appellee could not proceed with his automobile. Fights ensued, pitchforks were used, and there was much loud and objectionable talking. Obviously these brothers were prone to disregard the Scriptural mandate: ''Be reconciled to thy brother.''

The present action in any event was commenced by appellant, as said in the preliminary statement: First, to nullify and set aside the provision in the deed creating the right of way; and, second, to enjoin the appellees from leaving gates open along the right of way, plowing up the adjacent land, and trespassing upon appellant's crops while using said private way.

By way of cross petition, the appellees prayed: First, that the easement of right of way be recognized and permanently established; second, that the appellant be enjoined from interfering with the appellees' right to use the private road; and

third that the appellees be permitted to repair the right of way. After the hearing, the district court denied the relief asked by appellant and granted the appellees the redress enumerated in their cross petition, as above specified. From the judgment and decree thus entered, the appellant appeals.

I. A careful consideration has been given to all the facts and circumstances revealed in the record, and we are constrained to hold that the appellee Mathias Bina, through the deed from his father and mother, is entitled to use the private right of way in question. Such use, of course, must be in conjunction with the right of appellant to likewise utilize the private road for the purposes of his own farm. Of course, the appellant in so using the private road cannot in any way interfere with the appellee Mathias Bina's utilization thereof. Furthermore, appellant has a right to occupy and use his farm over which the private right of way runs, subject to the appellee Mathias Bina's easement. Restricted by those conditions, however, the appellee Mathias Bina does own the easement.

Accordingly, because the district court did not in all respects limit the rights of the respective parties in that manner and way, its judgment and decree is modified to that extent.

II. Much confusion, nevertheless, arises concerning the width of that easement. Several witnesses, however, testified that the road used is approximately eighteen feet wide. Some indication of this may be found in the fact that the lane aforesaid, forming part of this private way, is in fact eighteen feet wide. Were the private way not of that width, the appellant and appellees would have difficulty in passing each other on the road. That fact, together with the other circumstances, indicates that the private way is approximately eighteen feet wide. Consequently, it is here held that this right of way is eighteen feet in width.

Again the judgment and decree of the district court is modified because that tribunal fixed the width at "not less than eighteen feet."

III. Regardless of the grant of the easement named in the original deed, appellant contends that appellees, by their conduct, have forfeited their right thereto. Such is true, appellant contends because the appellees, in violation of the express con-

dition on which the grant was made, left open gates along the private road.

But in reference to this point, it is clear that nothing done by Mathias Bina or the other appellees is sufficient to cause a forfeiture of that right. Although it is true that appellant's gates along the right of way were sometimes mistakenly left open, yet such conduct was apparently not for the purpose of being malicious or denying appellant's rights in the premises. Appellees' actions in thus leaving the gates open were based upon the misunderstanding that it was not necessary upon those occasions to shut them, because no stock at the time grazed or roamed in the fields. Manifestly appellees were mistaken about their duty to shut the gates because the condition in the deed in reference thereto is mandatory and in no way subject to appellees' discretion or judgment as to when or why the same should be closed. Even though there appears no necessity for closing the gates, nevertheless appellees must obey the mandate in the deed with reference to that condition of the grant. Without doubt appellees, when exercising judgment concerning the necessity for closing the gates, have persistently left the same open in violation of the deed's mandates. Therefore, they and each of them should be severally enjoined from hereafter leaving appellant's gates open along this private right of way.

Once more the judgment and decree of the district court is modified because that tribunal denied this injunction against appellees.

IV. Not only did appellees thus make themselves liable to an injunction, but appellant beyond question interfered with the easement belonging to the appellee Mathias Bina, and therefore also should be enjoined.

On various occasions, he obstructed the highway by putting thereon branches of thorny trees, parked his wagon across the same, distributed a box of nails in the road, dug ditches across the highway, and otherwise interfered with appellees' rights thereon. Obviously this was an interference with the easement belonging to the appellee Mathias Bina, and the district court properly enjoined the appellant from so doing. Bartels v. Woodbury County, 174 Iowa 82.

V. Complaint, however, is especially made by appellant because the district court permitted appellees to repair the road.

Mathias Bina owns the easement, as above specified, and if the private way were not used also by appellant, the former would be duty-bound to make the required repairs thereon. 9 Ruling Case Law 794, sec. 51; Hastings v. Chicago, R. I. & P. Ry. Co., 148 Iowa 390 (local citation 397); Jackson v. Bruns, 129 Iowa 616 (local citation 618); United New Jersey Railway & Canal Co. v. Crucible Steel Co., 95 Atl. (N. J.) 243; Kepler v. Border, 179 Iowa 318 (local citation 323). The thought is expressed in the Hastings case, supra, as follows, reading on page 397:

"* * * * the grantor of an easement consisting of a right of way in the absence of any express stipulation is under no obligation to maintain the right of way in suitable condition for use. He is bound not to obstruct it, but further than that its maintenance is left to the grantee."

Even though appellant likewise uses the right of way, there is no reason why the appellees, subject to the conditions hereinafter named, cannot reasonably repair the same suitable to the limited character of their easement. See Kepler v. Border (179 Iowa 318), supra; 19 Corpus Juris, 983, sec. 233; 9 Ruling Case Law 795; sec. 51, supra. When doing so, however, appellees cannot increase the burden on the servient tenement or unreasonably interfere with appellant's right also to repair the common way. Wells v. Tolman, 51 N. E. 271 (N. Y.); Brockschmidt v. Sanitary District of Chicago, 103 N. E. 243 (Ill.); Percival v. Williams, 74 Atl. 321 (Vt.). Accordingly the plowing and scraping done by appellees, and complained of by appellant, were acts within the rule permitting them to repair the private way. Because the appellees did thus repair the easement, appellant has no just ground for complaint.

The district court did not limit the said right of repair in the manner and way here confined, and therefore its judgment and decree is modified to that extent.

VI. It is asked by appellant that his rights in the premises regarding repairs be entirely protected. This private way is upon the land to which he owns the fee. Appellant, as well as the appellees, uses the private road in question, as before said. Hence, the appellant likewise is entitled to repair the easement so long as he does not: First, interfere with the right of

the appellee Mathias Bina thus to do; and, second, render the private way less convenient or useful for the latter's purposes. See Kepler v. Border, (179 Iowa 318), supra; 19 Corpus Juris, 983, sec. 233, supra; 9 Ruling Case Law 795, sec. 51, supra. Neither of these parties, therefore, in improving the common way, must in any way disturb the improvement thereon made or being made by the other.

Resultantly each should be enjoined from interfering with or disturbing in any way such improvement made or being made on the easement by the other. To this extent the judgment and decree of the district court is further modified.

VII.   There still remains a question concerning the amount of work and labor each party is to perform, and the extent of money outlay to be made by him in thus repairing the easement. Nothing in the grant of the easement determines the question of how the burden of repairs shall be distributed. Both litigants use the common way. Such was the contemplation of the grantors. By thus using the private road, each tends to cause the same to become unfit for the contemplated travel by the other. Mathias Bina, the appellee and easement owner, might repair the way and the appellant thereafter by use make the road unfit again for travel. A distribution of the burden of repair between the appellant and the appellee Mathias Bina would be equitable and just. See Kepler v. Border (179 Iowa 318), supra. Consequently under the circumstances such distribution should be made.

It appears from the record that the appellant does not use the private road so much as does the appellee Mathias Bina. Appellant, therefore, should bear a correspondingly lower proportion of the repair burden than that imposed upon the appellee, Mathias Bina. Of course, an exact distribution of the expense, and labor necessary to make reasonable repairs cannot be accomplished. An approximation only is all that can be achieved. Figuring the entire use of the road by both parties as amounting to one hundred per cent, appellant, according to the record, would seem to enjoy forty per cent of that amount and the appellee, Mathias Bina, sixty per cent thereof. So, appellant shall bear forty per cent and the appellee Mathias Bina sixty per cent of the work, labor, and money expenditures required for the reasonable repairs of the private road. The judg-

ment and decree of the district court is modified accordingly. Because the judgment and decree of the district court is modified, the costs shall be taxed to the parties in the following proportions: Seventy-five per cent to appellants and twenty-five per cent to the appellees.

Wherefore, the judgment and decree of the district court as variously modified in the manner and way above set forth should be, and is, affirmed.—Modified and affirmed.

FAVILLE, C. J., and EVANS, MORLING, and GRIMM, JJ., concur.