**Guss A. LINDHORST and Beatrice Lindhorst, Appellants,**

v.

**Richard B. WRIGHT and Marjorieann M. Wright, Husband and Wife; Harry Kozee and Aleta Kozee, Husband and Wife; and Andrew Schopp and Shirley M. Schopp, Husband and Wife, Appellees.**

**No. 52191.**

Court of Appeals of Oklahoma, Division No. 1.

Aug. 12, 1980.

Released for Publication by Order of Court of Appeals Sept. 16, 1980.

Clausing & Lollman by Joseph F. Lollman, Tulsa, for appellants.

Ernest R. Brown, Pryor, for appellees.

BOX, Judge:

An appeal by the plaintiffs below, Guss A. and Beatrice Lindhorst, husband and wife, from a judgment against them in a quiet title action.

The Lindhorsts acquired title to land situated in Mayes County, Oklahoma, in August of 1972. In addition to fee simple title to the NW/4 of SW/4 of Section 14, their general warranty deed granted them a "perpetual right of ingress and egress on and across the easterly 40 feet of the SW/4 of the SW/4 of Section 14." At the time of purchase, the grantor established a roadway by grading a path through the 40 foot strip. The Lindhorsts made some improvements thereon and used the roadway as their only access to their property.

Subsequently the defendants, the Kozees, the Wrights, and the Schopps, purchased land south of that owned by the Lindhorsts. The fee simple estates of the defendants were burdened by the Lindhorsts' right—of—way.

All the parties used the roadway, which resulted in disagreements over each party's rights and liabilities with regard to the use and proper maintenance of the 40 foot strip. The Lindhorsts filed a quiet title action to establish their right in and to the easement. Additionally, the Lindhorsts alleged that certain acts of the defendants interfered with their absolute and unrestricted right to use the entire 40 foot strip, and asked that the defendants be enjoined from interfering with their use of the strip.

The defendants, Schopps, filed an answer requesting that the court grant the Lindhorsts an easement, twenty-five feet in width. The defendants, Wrights and Kozees, in their collective answer requested that the Lindhorsts be granted an easement

in the 40 foot strip, but that the width of the easement should be only that which was reasonable and necessary for use as a roadway. These defendants also asked to be entitled to use the roadway in common with the Lindhorsts and to share in the costs of maintenance and repair. All defendants denied the other allegations made by the Lindhorsts in their petition.

The trial court found that it was necessary to determine the intent of the original parties to the Lindhorsts' deed. It found that those parties never contemplated the possibility of the opening of a section line roadway, which would give additional access to the lands occupied by the Lindhorsts. Therefore, the grant of the 40 foot wide easement was intended to be used as a right of access, but that access was to be "selected or determined" through and within the 40 foot grant. The court determined that the "selected access" was the present roadway having a width of 20 feet, and confirmed the remaining 20 feet in title and right of possession in the respective defendants. All parties were granted a non-exclusive right to use the roadway, and the court assessed the costs of repairs and maintenance to all parties in different proportions. The Lindhorsts were to contribute 34%, the Wrights 16%, the Kozees 24%, and the Schopps 28%. The Lindhorsts appeal this decision.

The Lindhorsts assert that the court erred by reducing the width of the express grant of the easement, by not imposing an injunction against the defendants restraining them from interfering with the Lindhorst's use and maintenance of the easement, and by imposing a formula of contribution for maintenance, which is impractical and impossible to enforce.

■ The perpetual right of ingress and egress over and on the land is an easement, which grants the Lindhorsts a right to go on the land of the defendants and to make limited use of it. *Story v. Hefner*, Okl., 540 P.2d 562, 566; 60 O.S.1971, § 49(4). The easement was granted by a warranty deed, which is a written contract. The deed, therefore, is to be interpreted in the same manner as other written contracts, and the primary consideration is to determine the intent of the parties thereto. *Public Services Co. v. Home Builders Assn. of Realtors, Inc.*, Okl., 554 P.2d 1181, 1184. Under Oklahoma law, rules of construction and interpretation are available *if an ambiguity is present*, but where no ambiguity exists in the language used, the intent must be determined from the words used, unless there is fraud, accident, or pure absurdity. *Humphreys v. Amerada Hess Corp.*, 487 F.2d 800, 802 (10th Cir.1973); *Van Zant v. State Ins. Fund*, 203 Okl. 421, 223 P.2d 111, 113; 15 O.S.1971, §§ 152–156.

■■ We are cited no Oklahoma cases directly on point, and we find none. The Lindhorsts direct our attention to the Kansas case of *Aladdin Petroleum Corp. v. Gold Crown Properties, Inc.*, 221 Kan. 579, 561 P.2d 818 (1977), which addressed the issue before us. The Kansas Supreme Court stated, 221 Kan. at 584–85, 561 P.2d at 822:

> The law appears to be settled that where the width, length and location of an easement for ingress and egress have been expressly set forth in the instrument the easement is specific and definite. The expressed terms of the grant or reservation are controlling in such case and considerations of what may be necessary or reasonable to a present use of the dominant estate are not controlling. If, however, the width, length and location of an easement for ingress and egress are not fixed by the terms of the grant or reservation the dominant estate is ordinarily entitled to a way of such width, length and location as is sufficient to afford necessary or reasonable ingress and egress.

In 3 Tiffany, Real Property, § 805, pp. 331, 332 (3d ed. 1939), it is said:

> ". . . A specific statement in the grant obviously governs, and such a statement is ordinarily not controlled by considerations as to what is reasonable or necessary. . . .
>
> "If the width is not fixed by the terms of the grant, the grantee is ordinarily entitled to a way of such width

as is sufficient to afford reasonable ingress and egress. . . ."

It is stated in 28 C.J.S. Easements § 75, p. 753:

"If the grant or reservation is specific in its terms, it is decisive of the limits of the easement. On the other hand, where the easement is not specifically defined, it need only be such as is reasonably necessary and convenient for the purpose for which it was created."

We find this case persuasive and consistent with Oklahoma law, and we adopt its reasoning. The language in the deed is clear. It granted "a perpetual right of ingress and egress on and across the easterly 40 feet of the SW/4 of the SW/4 of Section 14 . . ." *This description is definite* and admits of no ambiguity. *Aladdin, supra.* Therefore, we reverse that part of the trial court's judgment which reduced the easement to 20 feet based upon the supposed intent of the original parties to the Lindhorst deed.

Next, the Lindhorsts argue that since the easement is an express grant, they should have the exclusive use of the easement and are entitled to an injunction, which enjoins the defendants from interfering with their use and maintenance of the road. Easements do not vest title in their possessors, they simply grant them a limited use of the fee holder's property. *City of Elk City v. Coffey*, Okl.App., 362 P.2d 160, 163. Just as the express language of the grant controls the extent of the easement, it also controls the scope. The limited use granted the Lindhorsts is a right to use the land of the defendants as a passageway to their property. There is no language indicating that such usage is exclusive to the Lindhorsts. Absent such express language, the fee owner may use the land upon which the easement is imposed in any reasonable manner that does not unduly burden the use made by the easement owner. *Stevens v. Bird–Jex*, 81 Utah 355, 360–61, 18 P.2d 292, 294–95 (1933). Certainly, in this case the defendants may use the easement as access to their respective properties. The holding of the trial court that the parties

have a non–exclusive right to the easement is proper. But the Lindhorsts assert that other acts of the defendants, such as the planting of gardens and trees on the easement, and the stacking of brush thereon should be enjoined.

The denial of an injunction lies within the sound discretion of a trial court and will not be disturbed on appeal unless clearly against the weight of the evidence. *City of Bartlesville v. Amber*, Okl., 499 P.2d 433, 437. An injunction does not lie for every act completed or threatened, but is appropriate if in light of all the facts equity would require its issuance. *Leathers v. Commercial National Bank*, Okl., 410 P.2d 541, 545. Although none of the acts of the defendants obstruct the present roadway through the 40 foot easement, the Lindhorsts are entitled to relief. Where obstructions are of a continuous, material, and permanent nature and under a claim of right, which could eventually destroy the easement by adverse possession, an injunction is appropriate. 25 Am.Jur.2d *Easements & Licenses* § 120, at 523. The defendants use of the easement is restricted in this case to a right of ingress and egress or other uses not inconsistent with that of the easement owner. The planting of crops and trees and the use of the easement for the stacking of brush are uses inconsistent with the easement owner's use. Such uses by the defendant should be enjoined.

The final proposition of the Lindhorsts is that the distribution of costs for maintenance formula is impractical and unenforceable. The general rule is that costs of repair and maintenance are the duty and right of the easement holder if there is no agreement to the contrary. *Triplett v. Beuckman*, 40 Ill.App. 379, 381, 352 N.E.2d 460, 461 (1976). The repairs required are those that are necessary and reasonable so as not to unduly burden the servient tenants. *Center Drive–In Theatre, Inc. v. City of Derby*, 166 Conn. 460, 464, 352 A.2d 304, 307 (1974). However, where the easement owner is not the sole user of a private right–of–way, but uses it in common with the servient tenants, then the costs of re-

pair and maintenance should be distributed among all users in proportions that closely approximate the usage of the parties. *Bina v. Bina*, 213 Iowa 432, 438, 239 N.W. 68, 71 (1933); 25 Am.Jur.2d *Easements & Licenses* § 86, at 492; 28 C.J.S. *Easements* § 94, at 774. Thus, while the general rule imposes costs of repairs on the dominant tenant where he is the sole user, the broader rule, which comes into effect where there are more users, is but a recognition "that the duty of repair should fall where reason, convenience and equity require . . . ." *Borgel v. Hoffman*, 219 Pa.Super. 260, 280 A.2d 608, 610 (1971). In this case the duty and cost of maintenance should be equitably distributed among both the servient tenants and dominant tenant because their use is mutual. Neither the fee owners nor the easement owner in improving the roadway should interfere with the other's rights or improvements, but rather, there should be a joint effort to make a convenient and useful private way to their respective properties. *Bina*, 213 Iowa at 438, 239 N.W. at 71. There was evidence of the location of each parties' property with respect to the easement and of their use of the easement. We find that the trial court did not abuse its discretion when it apportioned the relative costs of maintenance.

This case is reversed in part and remanded to the trial court with instructions to enter a judgment consistent with this opinion. We affirm as to the findings on non–exclusive use in all parties and as to the distribution of the costs of maintenance. As did the trial court, we assess costs of this appeal in the same proportions as the distribution of costs of maintenance.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.

REYNOLDS, P. J., and ROMANG, J., concur.