0585

Furman W. HAYES, Respondent-Appellant, v. Samuel D. TOMPKINS and June J. Tompkins and Leota B. Johnson, Defendants, of whom Samuel D. Tompkins and June J. Tompkins are Appellants-Respondents. Appeal of Samuel D. TOMPKINS and June J. Tompkins.

(337 S. E. (2d) 888)

Court of Appeals

*Henry F. Floyd,* of *Acker, Acker, Floyd & Welmaker,* Pickens, *for appellants-respondents.*

*Felix L. Finley, Jr.,* of *The Finley Law Firm,* Pickens, *for respondent-appellant.*

Heard Oct. 15, 1985.

Decided Dec. 2, 1985.

GOOLSBY, Judge:

The issues in this property case tried in equity are whether Furman Hayes owns an easement of right-of-way over land owned by Samuel D. Tompkins and June J. Tompkins and whether Hayes should bear one-third the costs of maintaining and repairing the road embraced by any easement of right-of-way he might own. Hayes and the Tompkinses appeal. We affirm.

Hayes brought suit to enjoin the Tompkinses and the defendant Leota B. Johnson from obstructing a road over which Hayes claimed an easement of right-of-way. The Tompkinses and Johnson denied Hayes had an easement over the Tompkinses' land. They demanded, however, that the court, should it find Hayes owns an easement of right-of-way, require Hayes to assist with the maintenance and repair of the road contained within the claimed right-of-way.

The tracts owned by Hayes, the Tompkinses, and Johnson were originally part of a 65.75 acre tract owned by Hayes' father. In 1937, the latter deeded a 10.03 acre tract to Hayes. The tract fronted on South Carolina State Highway No. 8. Hayes reached his property from the state highway by using the disputed road.

Hayes sold the 10.03 acre tract's highway frontage consisting of 2.17 acres to Warren Lynch in 1947 and conveyed

one-acre from the original 10.3 acre tract to his daughter, Linda Schrader, in 1976. Johnson acquired the one-acre tract in 1977.

Hayes' father died intestate in 1947, and the remainder of the 65.75 acre tract passed to Hayes' mother, Hayes, and his brothers and sisters. Hayes and his siblings, however, deeded their interests in the property to their mother.

James B. Anthony, W. M. Anthony, and Willis Anthony later acquired the property that the Hayes children conveyed to their mother. In 1977, the Anthonys sold 10.17 of its acres to the Tompkinses. The road used by Hayes to reach the remainder of his 10.03 acre tract runs through the property purchased by the Tompkinses from the Anthonys.

The road has been in existence since 1919. It is now a gravel road and requires periodic maintenance and repair at a cost of between $300 and $350 annually.

The Tompkinses admit they have obstructed Hayes' access to his property by placing a galvanized pipe on the road.

The trial court held Hayes owns either a way of necessity over the Tompkinses' land founded on an implied grant or an easement of right-of-way over the Tompkinses' land arising by prescription. It enjoined the Tompkinses and Johnson from obstructing the right-of-way; however, the trial court ordered Hayes to contribute to the costs of maintaining and repairing the road subject to his easement.

## I. Tompkinses' Appeal

### A.

The Tompkinses question first the trial court's holding that Hayes owns a way of necessity over the Tompkinses' land founded on an implied grant. They argue that when Hayes' father conveyed a part of his 65.75 acres to Hayes in 1937 no necessity for access to the road lying on his father's land and leading to the outer world existed because Hayes' 10.03 acre tract fronted several hundred feet on a public highway.

In South Carolina, a grantee claiming an implied easement of necessity over land remaining in the title of the grantor need not prove the right-of-way was absolutely necessary for his enjoyment of the land conveyed. "Reasonable necessity" will suffice. *Merrimon v. McCain,*

201 S. C. 76, 21 S. E. (2d) 404 (1942); *Brasington v. Williams*, 143 S. C. 223, 141 S. E. 375 (1927); *Graham v. Causey*, 284 S. C. 339, 326 S. E. (2d) 412 (Ct. App. 1985); see Annot., 10 A. L. R. 4th 447, 456-59 (1981). The necessity for the right-of-way, however, "must exist at the time of the conveyance." 25 Am. Jur.(2d) *Easements and Licenses* § 36 at 450 (1966).

We find, as we are authorized to do since this is an equity case tried by the judge alone [*Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976)], Hayes proved by a preponderance of the evidence that the conveyance by Hayes' father to Hayes in 1937 of the 10.03 acre tract was accompanied by an implied grant of a way across his father's remaining land. The right-of-way was clearly necessary for Hayes' beneficial use of the 10.3 acre tract.

Although the 10.03 acre tract adjoined a public road at the time of its conveyance to Hayes, the only reasonable access into the tract was by the gravel road that led from the western side of the public road and crossed the property of Hayes' father. As we infer from the testimony, Hayes' 10.03 acre tract lay 80 feet above the bottom of a gully found along the public road's western side. Also, both a 40 or 50 foot draw running "entirely across" Hayes' property and lying adjacent to the public road and a smaller draw "right off the highway" obstructed access from the public road to the 10.03 acre tract.

### B.

The Tompkinses next contend the trial court erred in holding the easement to be appurtenant rather than in gross. They maintain the easement implied by the grant had no terminus upon Hayes' land. *See Shia v. Pendergrass*, 222 S. C. 342, 72 S. E. (2d) 699 (1952); *Steele v. Williams*, 204 S. C. 124, 28 S. E. (2d) 644 (1944). We view the evidence differently.

According to Hayes, the road, which represents the easement, was designed to come from Highway No. 8, to cross over what is now the Tompkinses' property, and to terminate on what is now the one-acre tract.

Indeed, one plat in evidence, referred to as the Spearman Plat, shows the "gravel road" running from Highway No. 8 over the Tompkinses' land into Hayes' property and termi-

nating upon it. The surveyor, who prepared the plat and was a witness for the Tompkinses, testified the road touched Hayes' property and terminated approximately where he "showed it" on the plat.

Moreover, another plat, called the Davis Plat and representing the survey of the one-acre tract conveyed to Hayes' daughter in 1976, places the one-acre tract's northeast boundary in the centerline of the "unpaved road." The plat depicts the "unpaved road," the southern half of which is shown extending into the northern portion of Hayes' land, as cutting across the northern portion of the one-acre tract and ending at the property line that separates the one-acre tract from what is now the Tompkinses' property.

## C.

Lastly, the Tompkinses contend that, when Hayes conveyed the one-acre tract to his daughter, he abandoned the easement of right-of-way he claims over the Tompkinses' property. The deed recites in part the conveyance "included ... any and all rights-of-way ... on the premises."

The burden was upon the Tompkinses to prove abandonment by clear and unequivocal evidence. *Carolina Land Company, Inc. v. Bland,* 265 S. C. 98, 109, 217 S. E. (2d) 16, 21 (1975). This they failed to do.

By conveying the one-acre tract to his daughter and expressly granting her a right-of-way to the property, Hayes did not abandon his right of access to what remained of the original 10.03 acre tract. The land conveyed to his daughter was situated in the far northwest corner of Hayes' property and, like the land retained by Hayes, was also served by the gravel road. The deed transferring the one-acre tract to the daughter merely afforded her a means of access to her property from and across Hayes' remaining land and also across that of the Tompkinses.

Even without any mention of a right-of-way, the daughter would have acquired an implied right of access to her property across the lands of Hayes and the Tompkinses because, "upon [the] transfer of a part of a dominant tenement having appurtenant thereto a right-of-way over a servient tenement, the new owner of the transferred part of the dominant tenement acquires a right to use the right-of-way over the

servient tenement." Annot., 10 A. L. R. (3d) 960, 963 (1966); *see Wood v. Woodley*, 160 N. C. 17, 75 S. E. 719 (1912).

## II. Hayes' Appeal

Hayes appeals that portion of the trial judge's order requiring him and his successors in title to contribute to the costs of maintenance and repair of the gravel road and setting the amount of contribution at one-third their costs. He argues the apportionment of the costs was both inappropriate and unfair.

In the absence of an agreement, the Tompkinses, as owners of the servient tenement, are under no duty to maintain and repair the easement represented by the gravel road for the benefit of the dominant tenement owned by Hayes. *Richardson v. Jennings*, 184 N. C. 559, 114 S. E. 821 (1922); *Carson v. Jackson Land & Mining Co.*, 90 W. Va. 781, 111 S. E. 846 (1922). Ordinarily, the owner of an easement has the duty to keep it in repair. *Capers v. Fripp*, S. C. L. (Rice) 224 (1839); 25 Am. Jur. (2d) *Easements and Licenses* § 85 at 491 (1966).

Here, however, Hayes and the Tompkinses use the gravel road to gain access to their respective properties. Although the Tompkinses appear to use the gravel road more than Hayes, the apportionment by the trial judge of the burden of maintenance and repair is equitable, especially when consideration is given to the burden the easement of right-of-way places upon the Tompkinses' property, Hayes' duty to keep the right-of-way in repair, and the benefit Hayes derives from its use. *See Bina v. Bina*, 213 Iowa 432, 239 N. W. 68, 78 A. L. R. 1216 (1931); *cf. Harris v. Ferguson*, 18 S. C. L. (2 Bail.) 397 (1831) (doctrine of contribution founded upon equality of burden and benefit).

Affirmed.

SHAW, J., and LITTLEJOHN, Acting J., concur.