THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
H. Charles Walker and Eloise G. Walker, Appellants,
v.
Patrick McLeod, Barbara McLeod, Marvin G. Rush, Myrtle Rush and Kenneth Baker,
Respondents.
 
 
 

Appeal From Greenwood County
 Donald A. Long, Special Referee

Unpublished Opinion No. 2006-UP-269   
Submitted June 1, 2006  Filed June 5, 2006 

AFFIRMED

 
 
 
Jon E. Newlon, of Greenwood, for Appellants.
C. Rauch Wise, Albert M. Sparrow, Jr., and Curtis G. Clark, of Greenwood, for Respondents Patrick McLeod, Barbara McLeod, Marvin Rush, and Myrtle Rush.
 
 
 

PER CURIAM:  This case involves a portion of a shared easement, which runs along the corner of the parties property.  Appellants constructed a road along the easement and asserted that respondents had an equitable obligation to pay for it as well as any past and future repair and maintenance.  The special referee found appellants were not entitled to restitution or contribution for past repair and maintenance; however, all parties must pay for future repair and maintenance according to the tax value of their properties.  Having carefully reviewed the record, we concur in the well-reasoned order of the special referee.[1]
1.       In an equitable action, the appellate court may view the evidence to determine facts in accordance with its own view of the preponderance of the evidence.  Florence County Sch. Dist. No. 2 v. Interkal, Inc., 348 S.C. 446, 450, 559 S.E.2d 866, 868 (Ct. App. 2002); see 
Wallace v. Milliken & Co., 305 S.C. 118, 120, 406 S.E.2d 358, 359 (1991) (restitution is an equitable remedy).  This broad scope of review, however, does not require an appellate court to disregard the findings below.  Florence County Sch. Dist. No. 2, 348 S.C. at 450; 559 S.E.2d at 868. We find the facts in accordance with the findings of the special referee.    
2.       We find appellants are not entitled to restitution.  The special referee correctly determined appellants did not confer a non-gratuitous benefit on respondents.  See 
Sauner v. Pub. Serv. Auth. of South Carolina, 354 S.C. 397, 409, 581 S.E.2d 161, 167-68 (2003) (to recover on a theory
of restitution, the plaintiff must show that: (1) he conferred a non-gratuitous benefit on the defendant, (2) the defendant realized some value from the benefit, and (3) it would be inequitable for the defendant to retain the benefit without paying the plaintiff for its value);
Niggel Assocs., Inc. v. Polos of North Myrtle Beach, Inc., 296 S.C. 530, 532-33, 374 S.E.2d 507, 509 (Ct. App. 1988) (for benefit to be conferred non-gratuitously, it must be conferred either at the defendants request or in circumstances where plaintiff reasonably relies on defendant to pay for benefit and defendant understands or ought to understand that plaintiff expects compensation and looks to him for payment; defendant must have induced plaintiff to confer benefit).  There is no evidence in the record that respondents induced appellants to confer the benefit of the road on respondents.  Respondents consistently refused to pay for the construction.  Further, we are not persuaded by appellants contention that they were cornered into improving the shared easement.  Appellants knew before purchasing the property that they would have to construct access to the property.  Moreover, it would be inequitable to allow appellants to force respondents to pay for the improvement when the result would ultimately be a windfall for appellants.  Appellants property was inaccessible prior to improving the shared easement, and the purchase price reflected this fact.  
3.       We hold appellants are not entitled to contribution for the costs of past repair and maintenance of the shared easement.  Respondents were unable to use the improved easement until they constructed a connector road, which was not completed until fall of 1998.  This action was commenced in October 1998, and at that point, appellants obstructed the easement so that respondents could not pass through.  Accordingly, respondents did not gain any longstanding benefit that would warrant contribution of the costs of past repair and maintenance.  See Hayes v. Tompkins, 287 S.C. 289, 294, 337 S.E.2d 888, 892 (Ct. App. 1985) (citing Harris v. Ferguson, 18 S.C.L. (2 Bail.) 397 (1831) (doctrine of contribution founded upon equality of burden and benefit)).
4.       We find the special referees use of property values to compute the parties respective obligation to pay for future repair and maintenance of the shared easement was equitable.  The allocation of repair and maintenance costs based upon the parties use of the shared easement is not practical, and would likely lead to continued litigation.  Further, property values serve an objective standard that will require those who have a residence on the property to pay more than those who do not.  
AFFIRMED.
KITTREDGE, SHORT, and WILLIAMS, JJ., concur.

[1]           We decide this case without oral argument pursuant to Rule 215, SCACR.