THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Singleton Place
 Homeowners Association, Inc., Eugene J. Laurich, and Debra C. Laurich, Appellants,
 v.
 The Town of
 Hilton Head Island and The Town of Hilton Head Island Board of Zoning
 Appeals, Defendants,
 of whom The
 Town of Hilton Head Island is Respondent.
 
 
 

Appeal From Beaufort County
 Marvin H. Dukes, III, Master-in-Equity
Unpublished Opinion No. 2010-UP-551
Submitted December 9, 2010  Filed
 December 21, 2010    
AFFIRMED

 
 
 
 G. Hamlin O'Kelley, III and Gray B. Taylor, both of Mt. Pleasant,
 for Appellants.
 Gregory M. Alford, of Hilton Head Island, for Respondent.
 
 
 

PER CURIAM:  Appellants,
 Singleton Place Homeowners Association, Inc., Eugene J. Laurich, and Debra C.
 Laurich, brought this declaratory judgment action against Respondent, the Town
 of Hilton Head Island (the Town), and against the Town's Board of Zoning
 Appeals, seeking a ruling that the Town's proposed use of its easement along
 Collier Beach Road is unreasonable and creates a material burden on the
 servient estate.  The case was referred to the master-in-equity, who concluded
 that the easement was not limited in scope and that Appellants were not
 entitled to the requested declaratory judgment.  Appellants seek review of this
 ruling.  We affirm.[1]  
Initially, we note that Appellants did not seek review of the
 master's ruling that they were barred by the doctrine of estoppel by deed. 
 Accordingly, we may affirm on this ground alone.  See Jones v. Lott, 387 S.C. 339, 346, 692 S.E.2d 900,
 903 (2010) ("Under the two issue rule, where a decision
 is based on more than one ground, the appellate court will affirm unless the
 appellant appeals all grounds because the unappealed ground will become the law
 of the case.").
In
 any event, the evidence in the record weighs heavily in favor of the
 reasonableness of the Town's proposed use of its easement.  The testimony shows
 that Collier Beach Park will generate a much lower traffic intensity than would
 a single family development in an "RM-8" residential building
 district for which Collier Beach Park was zoned when the Town purchased it. 
 Therefore, Appellants' argument that the easement did not contemplate the
 proposed increase in use must fail.  See Hill v. Carolina Power & Light Co., 204 S.C. 83, 96, 28 S.E.2d 545, 549 (1943)
 ("The unrestricted grant of an easement conveys all such rights as are
 incident or necessary to its reasonable and proper enjoyment."); Plott
 v. Justin Enters., 374
 S.C. 504, 514, 649 S.E.2d 92, 96 (Ct. App. 2007) (holding that the
 character of an express easement is determined by the nature of the right and
 the intention of the parties creating it).  
Likewise, we find no merit to Appellants' argument that the master
 implicitly recognized that the easement did not contemplate the proposed
 increase in use when he ordered the Town to pay seventy-five percent of the
 costs of maintaining the paved surface.  See Hayes
 v. Tompkins, 287 S.C. 289,
 294, 337 S.E.2d 888, 891 (Ct. App. 1985) ("Ordinarily, the owner of an easement has the duty to keep it in
 repair.").  Therefore, the master
 properly declined to find an unreasonable burden on the servient estate. 
AFFIRMED.
THOMAS,
 PIEPER, and GEATHERS, JJ., concur.

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.