**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Westside Meshekoff Family Limited Partnership,
Appellant,

v.

South Carolina Department of Transportation; DW Properties, LLC; Danwood LLC; Robert W. Denton; and Alpine of SC, Inc.; Defendants,

Of Whom The South Carolina Department of Transportation is the Respondent.

Appellate Case No. 2011-201527

Appeal From Lexington County
R. Knox McMahon, Circuit Court Judge

Unpublished Opinion No. 2013-UP-310
Heard June 13, 2013 – Filed July 3, 2013

**AFFIRMED**

Charles Harry McDonald, of Robinson, McFadden, & Moore, PC, of Columbia, and Edwin Russell Jeter, Jr., of Jeter & Williams, PA, of Columbia, for Appellant.

Patrick John Frawley, of Davis, Frawley, Anderson, McCauley, Ayer, Fisher, & Smith, LLC, of Lexington, for Respondent.

_____

**PER CURIAM:**  Westside Meshekoff Family Limited Partnership (Westside) appeals the trial court's denial of its request for equitable apportionment of repair and maintenance costs of a drainage easement.  We affirm.

We find, when construing the encroachment permit application and the permit together, as well as the surrounding circumstances, the parties intended for the indemnity provision to apply to the drainage system as well as the driveways.  *See Hayes v. Tompkins*, 287 S.C. 289, 294, 337 S.E.2d 888, 891 (Ct. App. 1985) (applying equitable apportionment "in the absence of an agreement"); *Freeman v. Sorchych*, 245 P.3d 927, 933 (Ariz. Ct. App. 2011) (noting the duty of the owner of the easement to maintain, repair, and improve an easement is determined by the terms of the conveyance itself); *K & A Acquisition Grp., LLC v. Island Pointe, LLC*, 383 S.C. 563, 581, 682 S.E.2d 252, 262 (2009) ("A grant of an easement is to be construed in accordance with the rules applied to deeds and other written instruments."); *id.* ("In determining the grantor's intent, the deed must be construed as a whole and effect given to every part if it can be done consistently with the law."); *id.* ("When intention is not expressed accurately in the deed evidence *aliunde* may be admitted to supply or explain it.").  In the permit application, the developer of the shopping center requested permission from the South Carolina Department of Transportation (SCDOT) to connect the catch basin into the drainage system.  Prior to the development, the catch basin drained into a stream. *See Brisbane v. O'Neall*, 34 S.C.L. (3 Strob.) 348, 353 (1849) (noting that when a landowner built an artificial vent diverting the water from draining on its natural course, the landowner was bound to keep up the vent); *see also* L. S. Tellier, Annotation, *Rights and Duties of Owners Inter Se with Respect to Upkeep and Repair of Water Easement*, 169 A.L.R. 1147, 1152 (1947) (noting that when a servient owner has substituted a drainage ditch for the channel through which the water previously passed over his land, that servient owner must keep the drainage ditch open and free from obstruction); *Miller v. Perkins*, 216 N.W. 27, 28 (Iowa 1927) (holding when defendant built an artificial ditch to care for the water that had previously flowed naturally from the plaintiff's land, the defendant had a duty to keep this artificial ditch constructed by him open and free from obstruction so long as he chose to handle the water in this way).  The record contains no evidence the developer sought or received contributions from the SCDOT for construction

of the drainage system.  In addition, the evidence demonstrates if the developer had used reinforced concrete pipe as stated in its application, future maintenance costs to the pipes would not have been needed.  The record provides no evidence the parties intended for the SCDOT to contribute to future repair and replacement costs for the drainage system.  Accordingly, we find no error in the trial court's denial of Westside's request for equitable apportionment.[1]

**AFFIRMED.**

**HUFF, WILLIAMS, and KONDUROS, JJ. concur.**

---

[1] We do not reach Westside's remaining issues.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not address remaining issues when disposition of prior issue is dispositive).