**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Trenholm Building Company, Respondent,

v.

Rajarathnam S. Aluri, Trustee, The Aluri Family Trust, UTD May 3, 2012, Appellant.

Appellate Case No. 2018-000450

———————————

Appeal From Richland County
Brian L. Boger, Special Referee

———————————

Unpublished Opinion No. 2020-UP-155
Submitted April 1, 2020 – Filed May 27, 2020

———————————

**AFFIRMED**

———————————

Allen Jackson Barnes, of Sumter, for Appellant.

Carlos W. Gibbons, Jr., of Ashley & Gibbons, PA, and James B. Richardson, Jr., both of Columbia, for Respondent.

———————————

**PER CURIAM:** The Aluri Family Trust, UTD May 3, 2012 (the Trust), through its trustee, Rajarathnam S. Aluri, appeals the special referee's order determining it did not have an easement by necessity to use a driveway owned by Trenholm Building Company (Trenholm) to access some parking at the rear of its lot. On

appeal, the Trust argues the special referee erred in determining it did not prove the necessity requirement for an easement by necessity.  Because the surveys and pictures of the properties, in conjunction with testimonies, showed the Trust's property had access to Pickens Street and an alleyway, we find the special referee's order is supported by evidence and affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Crystal Pines Homeowners Ass'n, Inc. v. Phillips*, 394 S.C. 527, 537, 716 S.E.2d 682, 687 (Ct. App. 2011) ("The determination of the existence of an easement is a question of fact in a law action and subject to an any evidence standard of review when tried by a [special referee]." (quoting *Slear v. Hanna*, 329 S.C. 407, 410, 496 S.E.2d 633, 635 (1998))); *Jowers v. Hornsby*, 292 S.C. 549, 552, 357 S.E.2d 710, 711 (1987) ("In an action at law tried without a jury, the [special referee's] finding of fact will not be disturbed unless there is no evidence to support the [special referee's] finding."); *Boyd v. Bellsouth Tel. Tel. Co.*, 369 S.C. 410, 418-19, 633 S.E.2d 136, 140-41 (2006) ("The party asserting the right of an easement by necessity must demonstrate: (1) unity of title, (2) severance of title, and (3) necessity."); *id.* at 420, 633 S.E.2d at 141 ("The necessity required for easement by necessity must be actual, real, and reasonable as distinguished from convenient, but need not be absolute and irresistible."); *id.* ("The necessity element of easement by necessity must exist at the time of the severance and the party claiming the right to an easement must not create the necessity when it would not otherwise exist."); *Morrow v. Dyches*, 328 S.C. 522, 529, 492 S.E.2d 420, 424 (Ct. App. 1997) ("[T]he whole point of the easement by necessity doctrine is to ensure that landlocked parcels have access to a public road; thus, the doctrine presumes or implies that the grantor intended for the grantee of a landlocked parcel to have access, which is one of the rights essential to the enjoyment of land."); *id.* ("The doctrine only provides reasonable access to the dominant estate when there is none; it does not provide a means for ensuring a preferred method of access to a particular portion of a tract when access to the tract is otherwise available."); *id.* (holding the appellants' "claim fail[ed] because . . . their tract border[ed] on and [wa]s accessible by a public road").[1]

---

[1] To the extent the Trust asserts this case is similar to *Hayes v. Tompkins*, 287 S.C. 289, 337 S.E.2d 888 (Ct. App. 1985), we disagree.  In *Hayes*, this court affirmed an easement by necessity when a piece of property abutted a public road for a couple of hundred feet, but the property was "80 feet above the bottom of a gully found along the public road's western side" and had "draw[s]" obstructing access to the public road.  287 S.C. at 292, 337 S.E.2d at 890.  The court affirmed the only reasonable access to the property was a gravel road that crossed over a neighboring piece of property that was previously part of the same larger tract of land.  *Id.* Here, the Trust's property was in a residential area of downtown Columbia and was

**AFFIRMED.**[2]

**HUFF, THOMAS, and MCDONALD, JJ., concur.**

---

restricted by a three to four foot retaining wall that prohibited vehicular access to a portion of its property for additional parking.  Unlike in *Hayes*, the Trust had access to its property by way of direct access from Pickens Street and an abutting alleyway.  Additionally, we note Aluri testified that it was possible to alter the retaining wall to provide vehicular access to the remaining portion of the Trust's property from the alleyway; however, he believed it could be costly.  Furthermore, we note the Trust did not produce any evidence of the cost to adjust the retaining wall.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.